UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| INFO-HOLD, INC., | : | Case No. 2:14-cv-1043 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| MOOD MEDIA CORPORATION, *et al.,* | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 16)**

This civil action is before the Court on Defendants' motion to dismiss (Doc. 16) and the parties' responsive memoranda (Docs. 17, 18).

## I.      FACTS AS ALLEGED IN THE COMPLAINT

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff Info-Hold, Inc. brings this civil action against Defendants Mood Media Corporation ("Mood Media"), Mood Media North America, Ltd. ("MNA"), and DMX, Inc. ("DMX") for patent infringement.  (Doc. 1 at ¶ 5).

Plaintiff's complaint sets forth, in part, the following allegations:

7.  The Court has personal jurisdiction over Defendants at least by virtue of Defendants' internet business activities . . . and by virtue of Defendants' acts of infringement in Ohio and in this district, including the making, using, selling, and/or offering to sell the Accused Systems (as defined below).

## STATEMENT OF CLAIM

16. Info-Hold is the owner of all right, title, and interest in and to United States Letters Patent No. 5,991,374 entitled "Programmable Messaging System for Controlling Playback of Messages on Remote Music On-Hold-Compatible Telephone Systems and Other Message Output Devices" (hereinafter "the '374 patent") . . . .

21. Plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all Voice and Messaging Systems it makes and sells (at least as of March 29, 2011) and has given the Defendants written notice of the infringement since, at least, the commencement of this action.

22. Defendants have written notice of infringement regarding the MBOX4 line of products since at least September 26, 2012 . . . .

## COUNT I – DIRECT PATENT INFRINGEMENT

23. The allegations of the preceding paragraphs are incorporated as if fully set forth herein.

24. Defendants' business is predicated in part on its making, using, selling, and/or offering to sell a variety of Voice and Music Messaging Systems and Services covered by the '374 patent including, but not limited to, the following products:

   1. [T]he MV line of messaging systems, including the MV, MV2 and MV3 messaging systems;

   2. The MBOX line of messaging systems including the MEDIA PLAYER, MOOD MEDIA PLAYER, MBOX2, MBOX3, and MBOX4;

   3. EXCOMPASS LE2 and ENCOMPASS SR messaging systems;

   4. The PROFUSION line of messaging systems, including the PROFUSION X, PROFUSION XS.

   All of the Defendants' Voice and Music Messaging Systems and Services having a remote programmability feature, including those listed above, are hereinafter referred to as the "Accused Systems."

26. Defendants' activities with respect to the '374 patent are without authority or license from Info-Hold.

2

28. As a result of the infringement by Defendants, Info-Hold has been damaged and will continue to be damaged in an amount to be determined at trial.

(Doc. 1 at ¶¶ 7, 16, 21-24, 26, 28) (footnotes omitted).

In Count II, Plaintiff alleges indirect infringement.  Plaintiff alleges that Defendants have (and continue to) actively induce infringement of the '374 Patent (Doc. 1 at ¶¶ 42-51, 59-92) and contributorily infringe the '374 Patent (*id.* at ¶¶ 52-58).

## II.    STANDARD OF REVIEW

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'"  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.*

3

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed.  *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

## III.    ANALYSIS

Defendants move to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants argue that Plaintiff fails to adequately state claims of direct or indirect patent infringement.  Plaintiff argues that it has satisfied applicable pleading requirements.

### A.    Direct Infringement Claim

Form 18 of the Appendix to the Federal Rules of Civil Procedure sets forth a sample complaint for direct patent infringement.  This sample complaint "is relevant because Federal Rule of Civil Procedure 84 states that 'the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.'" *In re Bill of Lading Transmission and Processing System Patent Litigation (R+L Carriers v. DriverTech LLC)*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (quoting Fed. R. Civ.

4

P. 84).  Whether the plaintiff "adequately plead[s] direct infringement is to be measured by the specificity required by Form 18."  *Id.*

Form 18 requires the following:  "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages."  *In re Bill of Lading*, 681 F.3d at 1334-35 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).[1]

Defendants argue that Plaintiff fails to provide a sufficient statement that Defendants have been infringing the patent by making, selling, and using the device embodying the patent and that Defendants do not have sufficient notice of the activities or devices that are being accused of infringement because (1) Plaintiff relies upon facts

---

[1] The Federal Circuit rejected the proposition that the analysis of what Form 18 requires differs depending on the regional circuit from which the case arises.  *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 n. 1(Fed. Cir. 2013), *cert. denied* 134 S. Ct. 1026 (2014). The Federal Circuit explained that, to the extent that a conflict exists between the Forms and *Twombly* and its progeny, the Forms control.  *See id.* at 1283-84.

    That Form 18 would control in the event of a conflict between the form and *Twombly* and *Iqbal* does not suggest, however, that we should seek to create conflict where none exists.  A complaint containing just enough information to satisfy a governing form may well be sufficient under *Twombly* and *Iqbal*.  *R+L Carriers*, 681 F.3d at 1334 n. 6.  "Resolution of that question will depend upon the level of specificity required by the particular form, the element of the cause of action as to which the facts plead are allegedly inadequate, and the phrasing of the complaint being challenged."  *Id.* (citing *Twombly*, 550 U.S. at 564 n. 10, 127 S.Ct. 1955 (noting that forms governing claims for negligence require sufficient detail to permit a defendant to "know what to answer")).  And we think it clear that an implausible claim for patent infringement rightly should be dismissed.

    Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement.

*Id.* at 1284.

alleged "on information and belief" and (2) allegations made against each Defendant cannot be reasonably discerned.

In the paragraphs of the complaint identified above, Plaintiff sets forth the information required by Form 18. (*See* Doc. 1 at ¶¶ 7, 16, 21-24, 26, 28). In fact, Plaintiff has exceeded the requirements of Form 18 by providing the Defendants with a list of accused devices by name. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013), *cert. denied* 134 S. Ct. 1026 (2014) (rejecting the proposition that an infringing device had to be identified by name to satisfy the requirements of Form 18). Defendants have not provided case law to support the proposition that Plaintiff's complaint is subject to dismissal simply because it incorporates allegations made "on information and belief," where other allegations are not so stated and provide the defendant with the information required under the Federal Rules of Civil Procedure. In fact, the Federal Circuit has analyzed allegations of direct patent infringement that were stated "on information and belief" and found that those allegations satisfied Form 18. *See K-Tech Telecomms., Inc.,* 714 F.3d at 1285-87. [2]

Defendants also claim that they do not have fair notice of what Plaintiff's direct infringement claim is against *each* respective Defendant. Specifically, Defendants argue

---

[2] Because the Court finds that Plaintiff adequately states its direct infringement claim without reliance on allegations made "on information and belief," the Court need not determine whether Defendants' reading of *In re: Darvocet, Darvon, and Propoxyphene Products Liability Litigation*, 756 F.3d 917 (6th Cir. 2014), to prohibit pleading "on information and belief" unless the matter is peculiarly within the knowledge of the defendant, is correct. Defendants argue that Plaintiff's reliance on allegations made "on information and belief" demonstrates that Plaintiff could not have carried out the pre-filing investigation required by Fed. R. Civ. P. 11 and that Defendants' motion to dismiss is not based on technicalities. A number of Plaintiff's allegations are made "on information and belief." (*See generally* Doc. 1). However, because Defendants' argument on this score is based largely on extrinsic evidence, and because Defendants have not made a motion pursuant to Rule 11, the Court declines to assess the adequacy of Plaintiff's pre-suit investigation.

that Paragraph 24 of the complaint is inadequate because it does not identify which

Defendant is accused of infringing each of the Accused Systems. However, Defendants'

business activities are relevant to determining whether adequate facts have been pled.

*See, e.g.*, *K-tech Telecomms., Inc.*, 714 F.3d at 1284-85. Here, Plaintiffs allege, upon

information and belief, that Defendants are related companies, all of which do business

under the "Mood" name and that Defendants MNA and DMX are subsidiaries of

Defendant Mood Media. (*See* Doc. 1 at ¶¶ 2 – 4). Accordingly, Plaintiff's allegation that

"Defendants' business is predicated in part on its making, using, selling and/or offering to

sell a variety of Voice and Music Messaging Systems and Services covered by the '374

Patent" including the Accused Products is sufficient to put Defendants on notice of their

alleged infringing activities. (Doc. 1 at ¶ 24). Accordingly, all Defendants shall respond

to the allegation made in Paragraph 24.[3]

     Plaintiff's direct infringement claim is sufficient to put Defendants on notice of the

accused wrongdoing and is plausible. *See Iqbal*, 556 U.S. at 679 (determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the

---

[3] Common sense counsels that Plaintiff intends to allege that Defendants collectively sold the named Accused Products, given that they are related entities. Later in the complaint, Plaintiff identifies, "on information and belief," a subset of accused products sold by Defendants MNA and DMX, respectively. (*See* Doc. 1 at ¶¶ 32, 38). Defendants argue that because Plaintiff has not specified the accused products for which Defendant Mood Media must answer, Plaintiff's direct infringement claim against Defendant Mood Media should be dismissed. However, Plaintiff is not required to identify accused devices by name. *See K-Tech Telecomms.*, 714 F.3d at 1286.

reviewing court to draw on its judicial experience and common sense).[4]  Because

Plaintiff's complaint contains the information required by Form 18 and provides notice of

a facially plausible claim, the Court declines to dismiss Plaintiff's direct infringement

claim pursuant to Rule 12(b)(6).

**B.    Indirect Infringement Claim**

Form 18 does not determine the sufficiency of claims for indirect infringement.  *In

re Bill of Lading*, 681 F.3d at 1336-37.  Courts use the general principles of *Twombly* and

*Iqbal* to analyze the sufficiency of such claims.  *Id.*[5]

**1.    Active Inducement**

In Count II of the complaint, Plaintiff alleges that Defendants indirectly infringe

the '374 Patent by actively inducing infringement under 35 U.S.C. § 271(b) and

contributorily infringing under 35 U.S.C. § 271(c).  Plaintiff amplifies its active

inducement claim against each Defendant in Counts IIA (Defendant Mood Media), IIB

(Defendant MNA), and IIC (Defendant DMX).  Defendants question the relationship

---

[4] To the extent there is any disconnect between the requirements of Form 18 and the Supreme Court's
interpretation of Rule 8 to require sufficient factual matter, accepted as true, to state a claim to relief that
is plausible on its face, the disconnect is irrelevant in the instant case.  Plaintiff has pled that the
Defendants make, use, sell and/or offer to sell a variety of voice and music messaging systems within this
district, that Plaintiff is the owner of the '374 Patent, that certain of Plaintiff's products are marked with
the '374 Patent, and that each of the Defendants' business is predicated in part on its making, using,
selling, and/or offering to sell voice and music messaging systems and services that are covered by the
'374 patent.  (*See* Doc. 1 at ¶¶ 7, 16, 21-24, 26, 28).   Plaintiff has specifically listed 12 devices sold by
Defendants that infringe the '374 Patent.  (*Id.* at ¶ 24).  When the Court accepts these allegations as true,
as it must at this stage, Plaintiff's direct infringement claim is plausible.

[5] Defendants argue that Plaintiff's allegations of indirect infringement are insufficient because its
allegations of direct infringement are insufficient.  Because the Court has not found as such, the indirect
infringement claim is not subject to dismissal on this ground.

between Count II and Counts IIA, IIB and IIC and argue that it is unclear which count controls.

Counts IIA, IIB, and IIC serve to particularize the claim of induced infringement made against each of Defendant. Plaintiff alleges that Defendants are knowingly instructing their customers to use the accused systems in a way that infringes claims of the asserted patent. (*See* Doc. 1 at ¶¶ 42-51, 59-92.) Counts IIA, IIB, and IIC are consistent with Count II. The more particularized allegations in Counts IIA, IIB, and IIC do not render Plaintiff's complaint insufficient under Rule 8; they provide factual details which show that the allegations of inducement are plausible. *See Grubbs v. Sheakley Grp., Inc.*, No. 1:13-CV-246, 2014 WL 202041, at *6 (S.D. Ohio Jan. 17, 2014*) report and recommendation adopted*, 2014 WL 934535 (S.D. Ohio Mar. 10, 2014) ("Though Rule 8 provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief, it does not prohibit further allegations elaborating on the claims[.]")[6]

---

[6] Defendants summarily argue that Count II B of Plaintiff's complaint fails to allege that Defendant MNA actively induces infringement in violation of 35 U.S.C. § 271(b). Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Liability for inducement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Count II B provides, in part:

77. MNA provides remotely programmable on-hold and on-site music and messaging systems to its clients, including, on information and belief, systems commonly known and marketed as the Media Player, Mood Media Player, MBox 2, MBox 3, and MBox4, MV, MV2, MV3 and Encompass LE2 and SR that embody the '374 patent[.]

79. MNA has actual knowledge of the '374 Patent … (since MNA had knowledge of the'374 Patent since August 17, 2006 when Info-Hold filed, in this district a complaint for patent infringement in Case No. 1:06-cv-543) . . . .

Defendants argue that Paragraphs 46 and 50 of Count II are inconsistent, because Plaintiff alleges that Defendants' customers directly infringe and that Defendants induce this infringement, and then ask the Court to enjoin Defendants' activities, including the acts of "making, using, selling, and offering to sell the Accused Systems." Defendants note that Plaintiff has already alleged that those acts are direct infringement (*see* Doc. 1 at ¶ 25), so it is unclear what acts Plaintiffs seek to enjoin in Paragraph 50. However, the patent at issue has numerous claims. (*See* Doc. 1-2). According to Plaintiff, some of these claims are directly infringed by Defendants through their making, using, and selling of the accused systems and some of the claims are directly infringed by the Defendants' *customers'* use the Accused Systems. At this stage, Plaintiff has provided sufficient factual detail that supports its claims of induced infringement to put the Defendants on notice of their accused wrongdoing.[7]

### 2. Contributory Infringement

Defendants' argument that Count II is unclear because it lumps all Defendants together and does not put Defendants on notice of what acts of contributory infringement

---

82. On information and belief, MNA, despite its knowledge, has demonstrated a continuing, specific intent to actively, and willfully induce the direct infringement of the '374 patent by providing infringing systems to its clients, advertising infringing uses, instructing how to engage in an infringing uses [sic], offering technical support to infringing users on how to use the systems in an infringing manner… in the direct infringement of Plaintiff's patent.

Thus, Plaintiff's allegations provide the requisite factual content. Defendants have not objected to the fact that some of Plaintiff's allegations of indirect infringement have been stated "on information and belief."

[7] Defendants argue that *use* of the Accused Systems by Defendants cannot in itself be an act of infringement by Defendants' customers. Put simply, a party cannot induce itself to infringe. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 (2011). The Court anticipates that the appropriate scope of injunctive relief will be addressed in subsequent motion practice.

they are alleged to have committed individually is not well taken.  Contributory infringement occurs if a party sells, or offers to sell, a material or apparatus for use in practicing a patent process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent.  35 U.S.C. § 271(c).  Plaintiff's complaint alleges that Defendants contribute to the infringement of the '374 Patent by making and selling the accused systems, knowing they are especially made and adapted for use in an infringement of the patent and by providing those systems, which have no substantial non-infringing uses, to their customers.  (Doc. 1 ¶¶ 52-58.)[8]  Plaintiffs' allegations of contributory infringement are not implausible.

Because Plaintiff's allegations of indirect patent infringement contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, the Defendants' motion to dismiss is denied.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, Defendants Mood Media Corporation, Mood Media North America Ltd., and DMX, Inc.'s motion to dismiss (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**.

Date:  1/13/2015                                                   */s/ Timothy S. Black*

Timothy S. Black
United States District Judge

---

[8] As noted earlier, Plaintiff alleges that Defendants are related entities.  (*See* Doc. 1 at ¶¶ 2 – 4.)